ALBANY, August, 1811.

LANE v. COOK.

*Powers*, in reply, said that in *Ferris* v. *Phelps*,[*] the court set aside the judgment on the bail-bond, because the plaintiff had neglected to except to the special bail. If the bail are insufficient, the proper course is to except to them.[†]

[*] 1 *Johns. Cas,* 249.

[†] 2 *Tidd's Prac. K. B.* 223. 228, 229.

---

LANE, Assignee, &c. *against* COOK and another.

LYNCH, for the defendant, moved to set aside the proceedings in this suit on the bail-bond. The writ in the original suit was returnable the first day of the last term; and special bail was filed, and notice thereof given, to the plaintiff's attorney, on the 3d *June*, being within 20 days after the last day of term.

A defendant has 20 days after the last day of the second week of the term, within which to put in special bail.

*Gold*, contra.

*Per Curiam.* According to the settled practice, the defendant has 20 days from *Saturday* in the second week of the term, within which to put in special bail; and until the expiration of that time the bail-bond cannot be put in suit. If the plaintiff chooses to file common bail, it may be done after 40 days from the second week of term.

Motion denied.